Freligh agt. Brink.

---

## SUPREME COURT.

VALENTINE FRELIGH agt. JAMES D. BRINK and NOAH SNIDER.

The statement upon which judgment in this case was confessed is as follows: " The above indebtedness arose on a promissory note made by the defendants to the plaintiff, dated June 21st, 1854, in the sum of seven hundred dollars, with interest; that amount of money being had by the defendants of the plaintiff, and upon which there is this day due the sum of seven hundred and eighty-two dollars and seven cents; together with eighty dollars and forty-one cents, now due the plaintiff from the defendants as costs, in an action brought against the de

fendants by the plaintiff on said promissory note, in the supreme court, which suit is now discontinued by the plaintiff, upon this confession of judgment to him by the defendants,"—*held*, sufficient, under the statute. (*This decision reverses that at special term*, 16 *How.* 272.)

*Albany General Term, September*, 1858.
*Present,* WRIGHT, GOULD *and* HOGEBOOM, *Justices.*

APPEAL from decision at special term, setting aside the judgment by confession in this case.

Jeremiah Russell, a judgment-creditor of the defendants, Brink and Snider, moves to set aside the judgment entered by confession in this action for the insufficiency of the statement, which is in the following words: "The above indebtedness arose on a promissory note, made by the defendants to the plaintiff, dated June 21st, 1854, in the sum of seven hundred dollars with interest; that amount of money being had by the defendants of the plaintiff, and upon which there is this day due the sum of seven hundred and eighty-two dollars and seven cents; together with eighty dollars and forty-one cents, now due the plaintiff from the defendants as costs in an action brought against the defendants by the plaintiff upon said promissory note, in the supreme court, which suit is now discontinued by the plaintiff upon this confession of judgment to him by the defendants." Mr. Justice BROWN, at special term, held that the statement was wholly inadequate to sustain the judgment, and set aside the judgment with costs. (*Reported* 16 *How.* 272.) From this decision an appeal was taken to the general term of the third district.

E. WHITAKER, *for defendants.*
SCHOONMAKER & WESTBROOK, *for judgment-creditor.*

GOULD, Justice. Having had occasion to pass upon quite a number of motions similar to this one, I am forced to the conclusion, that treating the decisions as going the length of the order in this case, and of those in some other reported cases in this court, makes the law commit greater *actual frauds* than

Freligh agt. Brink.

those that the provisions of the Code as to judgments by confession intended to prevent. I have never heard such a motion, where it was not perfectly apparent, and, indeed, generally, it has been conceded by the moving party, that the judgment to be avoided by the motion was perfectly fair and honest; and its avoidance would deprive a *bona fide* creditor of his whole debt.

The motion in the case before us is no exception to this remark. There is no pretence whatever that the first judgment is not, to the last fraction, for a debt honestly due, and setting it aside would be a very serious injury to the plaintiff. To be sure, if the law really means that, to make a good confession of judgment, there must be a *bill of items, with the ciphering of interest* entered on the records of the court, it must be done. I hope, however, that it will not be so held. And I should be glad to sustain this judgment. To do so, I should hold the words, "that amount of money *being had* by the defendants of the plaintiff," to mean " being *then* had ;" and so fairly equivalent to a statement that the note was for money lent upon it. And this, I take it, would be good without saying whether the loan consisted of gold or silver, or bank notes, or was paid by a check on bank. The case of *Chappell* agt. *Chappell* (2 *Kern.* 215) is certainly *not* an authority against such a holding. I should reverse the order appealed from.

WRIGHT, J. I think the statement sufficient under the statute. It is substantially stated that the indebtedness was for money borrowed by the defendants of the plaintiff. It is true that it is not stated when it was borrowed, nor is that particularly required. To sustain the judgment (rather than it should be avoided by construction), we should construe the phrase " money being had," as " money being had by the defendants," at the date of the promissory note before recited. In my judgment, there has been too much of a disposition in the courts to fritter away this beneficial statute by refined construction.

Decision of special term reversed.

The People agt. Richardson.

HOGEBOOM, J., *dissented.* I have looked over this opinion (of Judge BROWN at special term), and the briefs of counsel with some care, and am inclined to think the question is settled *upon authority* in favor of the conclusion at which Judge BROWN arrives, and, therefore, whatever might be our opinion of the case as an original question, the order of the special term should be *affirmed.*